**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-14520 |

**MOTION FOR A PRELIMINARY INJUNCTION AND STAY OF AGENCY ACTION**

This suit challenges final agency action by the U.S. Department of Homeland Security ("DHS") regarding practical training opportunities available by law to international students on F-1 visas. In August 2026, DHS's Student and Exchange Visitor Program ("SEVP") issued two Broadcast Messages ("the Broadcasts") that changed a position the federal government had held for more than thirty-five years regarding "curricular practical training" ("CPT"). Federal regulations make CPT available to international students so long as the training opportunities they have selected are "directly related to the student's major area of study" and are "an integral part of an established curriculum." 8 C.F.R. § 214.2(f)(10)(i). When the government established that regulation in 1991, it made clear that a training opportunity qualifies as CPT if (1) students earn academic credit for it, regardless of whether it is required for a degree; or (2) if not taken for credit, the school requires it for the student's degree. And the government reaffirmed that position repeatedly in subsequent decades through agency guidance. But the Broadcasts abruptly reversed course, announcing a new position that training qualifies for CPT only if it is mandatory for every student in a degree program, such that a student could not graduate without it. Elective training opportunities—even when taken for academic credit—do not qualify.

This new interpretation sharply restricts international students' access to internships and other hands-on learning opportunities. Yet the Broadcasts did not acknowledge that they announced a new interpretation of the CPT regulation. Instead, DHS styled them as mere "reminders" of existing obligations. And the Broadcasts paired their unacknowledged reversal with threats to colleges, universities, and their officials, warning that any CPT authorizations inconsistent with the new standards could subject them to severe consequences—including institutions losing their ability to enroll international students, and personal criminal liability for the school officials who authorize CPT.

The Broadcasts constitute final agency action that is unlawful under the Administrative Procedure Act several times over: The Broadcasts are arbitrary and capricious, impermissibly retroactive, contrary to law, and procedurally invalid. 5 U.S.C. § 706(2)(A), (C), (D). As set forth in the accompanying declarations and forthcoming memorandum, Plaintiffs have established: a strong likelihood of success on the merits of their claims; that their members will suffer irreparable harm absent relief; and that the balance of equities and the public interest weigh strongly in favor of a preliminary injunction and a stay of the Broadcasts.

Plaintiffs therefore respectfully move the Court, pursuant to 5 U.S.C. § 705, to stay the Broadcasts and postpone their effective dates pending judicial review. Plaintiffs further move the Court, pursuant to Federal Rule of Civil Procedure 65(a), to enter an order preliminarily enjoining Defendants, their agents, and anyone acting in concert or participation with Defendants from implementing, enforcing, or otherwise carrying out the Broadcasts' interpretation of 8 C.F.R. § 214.2(f)(10)(i) as to Plaintiffs and each of their members, employees, and students, both prospectively and with respect to conduct and approvals that occurred prior to the Broadcasts' issuance, and to rescind any adverse action already taken in reliance on the Broadcasts.

Plaintiffs further request that within 24 hours of the entry of the order, Defendants provide written notice of the order to all institutions certified by SEVP and that, within 48 hours of the order, they notify this Court that they have done so.

Pursuant to Local Rule 7.1(a)(2) and Federal Rule of Civil Procedure 65(a), on October 5, 2026, counsel for Plaintiffs notified counsel at the U.S. Department of Justice by electronic mail of Plaintiffs' intent to seek a stay under 5 U.S.C. § 705 and a preliminary injunction, as well as whether Defendants would instead consent to a stay of the Broadcasts pending expedited summary judgment briefing. Counsel for Plaintiffs have not yet received a response. Given the need for prompt relief, Plaintiffs are proceeding with this filing but remain available to confer with Defendants' counsel.

Dated: October 5, 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Shoba Pillay*

Shoba Pillay, BBO No. 659739
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Ishan K. Bhabha (*pro hac vice pending*)
Lindsay C. Harrison (*pro hac vice pending*)
Ian Heath Gershengorn (*pro hac vice pending*)
Elizabeth Henthorne (*pro hac vice pending*)
Anjali Motgi (*pro hac vice pending*)
Daniel Schwei (*pro hac vice pending*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
LHarrison@jenner.com
IGershengorn@jenner.com

BHenthorne@jenner.com
AMotgi@jenner.com
DSchwei@jenner.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Shoba Pillay*
Shoba Pillay, BBO No. 659739
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Dated: October 5, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(2), on October 5, 2026, counsel for Plaintiffs provided notice of this Motion to the following individuals at the U.S. Department of Justice by electronic mail:

Brett Shumate
Assistant Attorney General, Civil Division
brett.a.shumate@usdoj.gov

Eric J. Hamilton
Deputy Assistant Attorney General, Federal Programs Branch
eric.hamilton@usdoj.gov

Drew C. Ensign
Deputy Assistant Attorney General, Office of Immigration Litigation
drew.c.ensign@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

In addition, Plaintiffs are providing a copy of this Motion to the above-named individuals by electronic mail.

*_/s/ Shoba Pillay_*
Shoba Pillay, BBO No. 659739
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Dated: October 5, 2026